**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAY MCNALLY,

    Plaintiff,

v.                                                    Case No. 06-CV-10635-DT

AVE MARIA COLLEGE,

    Defendant.
                                             /

**ORDER GRANTING DEFENDANT'S "MOTION TO DISMISS"**

Pending before the court is Defendant Ave Maria College's ("AMC's") motion to dismiss. The matter has been fully briefed and the court has concluded that no hearing is required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**[1]

Plaintiff Jay McNally began his employment with AMC on October 15, 2002, as the college's Director of Public Relations. (Compl. at ¶ 7.) In November 2003, Plaintiff was promoted to Director of Advancement and Communication, where he was responsible for fundraising and publicly promoting the school. (*Id.* at ¶ 8.) In January 2004, Plaintiff learned of a "tuition fraud scandal" involving AMC and on January 21, 2004, Plaintiff reported this "tuition fraud" to the Department of Education fraud hotline.

---

[1] The facts related in this section are derived from Plaintiff's complaint, as such facts are for the purpose of Rule 12(b)(6) assumed to be true. *See Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997) (citing *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir. 1990)).

(*Id.* at ¶¶ 9, 12.) In his complaint, Plaintiff alleges that he was terminated on July 2, 2004 due to his whistleblowing activity. (*Id.* at ¶ 42.)

On September 23, 2004, Plaintiff filed a one-count complaint in the Washtenaw County Circuit Court, alleging that his termination violated the Michigan Whistleblowers' Protection Act ("WPA"). (Def.'s Mot. at Ex. 3.) During the course of the state court litigation, Plaintiff moved to add a claim that his termination violated public policy and Defendant also moved for summary judgment on Plaintiff's case. On August 5, 2005, the Washtenaw County Circuit Court issued an order denying Plaintiff's motion to amend his complaint and granting Defendant's motion for summary judgment. (Def.'s Mot. at 2, Exs. 1-2.)

On February 13, 2006, Plaintiff brought two claims against Defendant in this court: Violation of the Anti-Retaliation Provision of the False Claims Act ("FCA") and Wrongful Discharge in Violation of Public Policy.

## II. STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th

Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Helby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995).  The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.  DISCUSSION

In its motion to dismiss the retaliation claim, Defendant argues that Plaintiff's complaint must be dismissed because "his state law claim was dismissed on the merits by the Washtenaw County Circuit Court . . . [and] he did not file his federal FCA claim within the requisite 90 day statute of limitations period."  (Def.'s Mot. at 1.)

### A.  Public Policy Claim

Although Plaintiff denied Defendant's request to dismiss Count II, pursuant to E.D. Mich. L.R. 7.1(a), and Defendant was required to move and brief its argument for dismissal, in his response to Defendant's motion Plaintiff "concedes," without further explanation, "that his wrongful discharge in violation of public policy is barred by the principles of res judicata."  (Pl.'s Resp. at ¶ 1.)  The court will dismiss Count II of

3

Plaintiff's complaint.

### B.  FCA Claim

Defendant argues that Plaintiff's FCA claim is barred by the principle of res judicata because "[t]he allegations Plaintiff raises in his federal complaint arose out of the same facts and circumstances that he alleged in his state court cause of action." (*Id.* at 4.)  Defendant maintains that "[t]he complaint filed in the Washtenaw County Circuit Court contained one cause of action alleging a violation of the Michigan's WPA.  Had he exercised reasonable diligence, Plaintiff could and should have brought a retaliatory discharge claim under the FCA at the same time." (*Id.*)  Defendant maintains that "[a]t this juncture, particularly because Plaintiff's state law claims have been dismissed, res judicata prohibits Plaintiff from filing in federal court what he could . . . have brought in state court."  (*Id.* at 5.)

In his response to Defendant's motion, Plaintiff asserts that his "claim under 31 U.S.C. § 3730(h) is not barred by res judicata" because federal courts have exclusive subject matter jurisdiction over FCA claims.  (Pl.'s Resp. at ¶ 2, 7.) The court disagrees.

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect it would have under the law of the state whose court issued the judgment.  *Heyliger v. State University and Community College System of Tennessee* 126 F.3d 849, 851-52 (6th Cir. 1997) (citing *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980)).

Under Michigan law, res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical.  *Dart v. Dart,* 597 N.W.2d 82, 88 (Mich. 1999) (citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz,* 521 N.W.2d 847

(Mich. Ct. App. 1994)). Under the doctrine of res judicata, the subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. *Id.* (citation omitted). In applying this test, "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Gose v. Monroe Auto Equipment Co.,* 294 N.W.2d 165 (Mich. 1980); *Sprague v. Buhagiar,* 539 N.W.2d 587 (Mich. Ct. App. 1995)).

Plaintiff asserts that the second prong of the test has not been met in this case as his action "under 31 U.S.C. § 3730(h) could only have been asserted in Federal District Court because the State court lacked subject matter jurisdiction." (Pl.'s Resp. at 13.) Instead, Plaintiff argues, the last sentence of the Act, which states that "[a]n employee *may* bring an action in the appropriate district court of the United States for the relief provided in this subsection" (emphasis added), is properly interpreted only to say that "[a]n employee *must* bring an action . . . ," thus granting federal courts exclusive jurisdiction over FCA claims. *See* 31 U.S.C. § 3730(h).

"Under our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt,* 493 U.S. 455, 458 (1990). Indeed, concurrency is presumed and can be rebutted only "by an explicit statutory directive, by an unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." *Id.* at 459, quoting *Gulf Offshore Co. v. Mobil Oil*

5

*Corp.,* 453 U.S. 473, 478 (1981).  It would be extraordinary to convert or interpret the permissive "may" as the mandatory "must."  A particularly persuasive argument should be required to achieve this result.  Plaintiff, however, fails to convince.

First, the only "explicit statutory directive" is found in the drafters' use of the permissive, "may."  The permissive form cuts exactly against an argument that a presumption of concurrent jurisdiction should be overcome.

Second, whatever one may think of a resort to legislative history to interpret a statute,[2] there is in the proffered history no "unmistakable implication" in favor of overcoming the presumption.  Plaintiff relies on one brief statement in one Senate Report in which it was stated that "[j]urisdiction for any actions under section 3734 of the False Claims Act shall be in Federal district court," S. Rep. 99-345 (1986).  In addition to the paucity of citation of relevant history, Plaintiff inaccurately quoted the jurisdictional reference in the one Senate report he did locate, attributing "jurisdiction" to "the Whistleblower Act," as though it were a reference to the retaliatory discharge provision of the FCA, § 3730(h).  As Defendant points out, however, the "Whistleblower" provision "covers eight subsections, and only subsection (h) contains a specific jurisdictional

---

[2] *See, e.g.*, *Shannon v. United States,* 512 U.S. 573, 583 (1994) ("Members of this Court have expressed differing views regarding the role that legislative history should play in statutory interpretation.  Compare *County of Washington v. Gunthis,* 452 U.S. 161, 182 (1981) (Rehnquist, J., dissenting) ("[I]t [is] well settled that the legislative history of a statute is a useful guide to the intent of Congress"), with *Wisconsin Public Intervenor v. Mortier,* 501 U.S. 597, 617 (1991) (Scalia, J., concurring in judgment) (legislative history is "unreliable . . . as a genuine indicator of congressional intent").  We are not aware of any case, however (and [the petitioner] does not bring one to our attention), in which we have given authoritative weight to a single passage of legislative history that is in no way anchored in the text of the statute.")

6

statement, the last sentence in the subsection where we find the permissive word 'may.'" (Def.'s Reply at 3.)  The phrase in the Report proffered by Plaintiff applies to all seven other subsections of the Act.  Plaintiff's assertion of an "unmistakable implication" from this paltry legislative history is simply unconvincing. *Shannon,* 512 U.S. at 583.

Third, Plaintiff makes no attempt to explain how any "clear incompatibility between state-court jurisdiction and federal interests" could be found to exist in this instance.  *See Gulf Offshore Co.,* 453 U.S. at 478.  The court can imagine none, and no cases cited by the parties or located by the court reveal such an incompatibility.

The one court that has addressed this very argument, the Northern District of Ohio, has rejected it, holding that:

> It is not clear from the text of the statute that federal jurisdiction of whistleblower retaliation claims is exclusive of the states. . . .   Jurisdiction is *presumably concurrent*.  *See Tafflin*, 493 U.S. at 459. . . .  Here, there is no explicit statutory directive and . . . no unmistakable implication from legislative history.  Nor does the Court find a clear incompatibility between state jurisdiction and federal jurisdiction.  In any case, although the Supreme Court has restated the rule of *Gulf Offshore*, *see, e.g.*, *Tafflin*, 493 U.S. at 459-60 the only cases in which the Supreme Court has found implied exclusive jurisdiction are the Sherman Act and the Clayton Act.

*Nguyen v. City of Cleveland*, 121 F.Supp.2d 643, 646 (N.D. Ohio 2000) (emphasis added).  The *Nguyen*'s court's discussion of this issue is, although not controlling, persuasive.

Plaintiff has not shown how the word "may" is properly to be interpreted only as "must" such that the Act instructs that "[a]n employee *must* bring an action in the appropriate district court of the United States for the relief provided in this subsection." *See* 31 U.S.C. § 3730(h).

Plaintiff's FCA claim is barred by the doctrine of res judicata. The court need not

7

discuss Defendant's statute of limitations argument and will dismiss Count I of Plaintiff's complaint.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss"[Dkt. #6] is GRANTED.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  May 10, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 10, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\06-10635.MCNALLY.GrantingMotionToDismiss.2.wpd